CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 30 2022

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

|  |  |
|---|---|
| NORMAN HENSLEY,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY and<br>NATURCHEM, INC.,<br><br>Defendants. | Case No. 4:22CV00020 |

### DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws), Defendant Monsanto Company ("Monsanto"), hereby gives notice of removal of this action, captioned *Norman Hensley v. Monsanto Company et al.*, bearing Case Number CL22000001-00, from the Circuit Court for the County of Charlotte, Virginia to this Court. Pursuant to 28 U.S.C. § 1446(a), Monsanto provides the following statement of grounds for removal.

### Introduction

1.      In this products liability lawsuit, Plaintiff Norman Hensley sues Monsanto for injuries allegedly caused by Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a

Roundup®-branded herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has concluded — including as recently as 2020 — that glyphosate does not cause cancer. Nevertheless, Plaintiff alleges that exposure to Monsanto's Roundup®-branded, glyphosate-based herbicides caused his cancer — specifically, non-Hodgkin's lymphoma ("NHL").

2.      This is one of many lawsuits that have been filed against Monsanto involving Roundup®-branded herbicides. A multidistrict litigation ("MDL") proceeding is pending in the United States District Court for the Northern District of California, before the Honorable Vince G. Chhabria, pursuant to 28 U.S.C. § 1407. *See In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal.); *In re Roundup Prods. Liab. Litig.*, MDL No. 2741, 214 F. Supp. 3d 1346 (J.P.M.L. 2016).

3.      As discussed in more detail below, Monsanto removes this lawsuit because this Court has subject matter jurisdiction based on diversity of citizenship. Plaintiff is a citizen of Virginia. For purposes of diversity jurisdiction, Monsanto is deemed to be a citizen of Missouri (where its principal place of business is located) and Delaware (Monsanto's state of incorporation). Defendant NaturChem, Inc. ("NaturChem") is deemed to be a citizen of South Carolina (its state of incorporation and where its principal place of business is located). Accordingly, complete diversity of citizenship exists in this case as required by 28 U.S.C. § 1332. The statutory amount-in-controversy requirement is also satisfied because Plaintiff seeks damages in excess of $2,000,000.

## Background and Procedural History

4.      In January 2022, Plaintiff commenced this lawsuit in the Circuit Court for the County of Charlotte, Virginia by filing a complaint, captioned *Norman Hensley v. Monsanto Company et al.*, Case Number CL22000001-00 (the "Commonwealth Court Action").

2

5.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint purportedly "served" on Monsanto's registered agent in the Commonwealth Court Action is attached as **Exhibit 1.**[1] Plaintiff seeks compensatory and punitive damages based on the allegation that Monsanto's Roundup®-branded herbicides caused his NHL. *See, e.g.*, Complaint, Introduction & ¶¶ 2–5, 194–197.

<u>**Basis for Removal — Diversity Jurisdiction**</u>

6.      Plaintiff is, and was at the time the Commonwealth Court Action was filed, a citizen of the Commonwealth of Virginia. *See* Complaint ¶ 1.

7.      Monsanto is, and was at the time the Commonwealth Court Action was filed, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of Missouri. *See* Complaint ¶ 6. Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

8.      NaturChem is, and was at the time the Commonwealth Court Action was filed, a corporation incorporated under the laws of the State of South Carolina, with its principal place of business in the State of South Carolina. *See* Declaration of Nicholas Hooks ¶ 4 (attached as **Exhibit 2**). Thus, NaturChem is deemed to be a citizen of South Carolina, for purposes of federal diversity jurisdiction.[2]

9.      The Complaint seeks a judgment against Monsanto in an amount in excess of

---

[1] A summons was not served with the Complaint, so this was not proper service of process on Monsanto.

[2] Plaintiff attempted to avoid federal diversity-based jurisdiction by alleging that NaturChem is "domiciled in the Commonwealth of Virginia" and "a citizen of the Commonwealth of Virginia for the purpose of attempting to establish federal court diversity jurisdiction." Complaint ¶¶ 10, 16. Plaintiff is wrong. *See* Declaration of Nicholas Hooks ¶ 4; *see also Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 102 (4th Cir. 2011) ("For federal diversity jurisdiction purposes, a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business.").

$2,000,000, based on the allegation that Monsanto's Roundup®-branded herbicides caused Plaintiff's cancer (NHL). *See* Complaint ¶¶ 135, 157, 178, 192. Plaintiff also seeks punitive damages. *See id*. ¶¶ 194–98. Plaintiff thus seeks damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in various federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs.

10.     In sum, this Court has original subject matter jurisdiction over this action based on Section 1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of costs and interest.

**Procedural Requirements**

11.     The Circuit Court for the County of Charlotte, Virginia is located within the Western District of Virginia. Therefore, removal to this Court satisfies the venue requirements of 28 U.S.C. § 1446(a).

12.     Monsanto's registered agent received the Complaint on March 9, 2022, but a summons was not served with the Complaint. This Notice of Removal is timely because proper service of process has not been effected on Monsanto, so there currently is no deadline for Monsanto to file this Notice of Removal.  In the alternative, if "service" of the Complaint

4

without a summons is deemed proper service of process on Monsanto, then this Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b)(1), because it is being filed within 30 days of March 9, 2022.

13.     Naturchem's consent to removal is not required because NaturChem has not been served in the Commonwealth Court Action. *See* 28 U.S.C. § 1446(b)(2)(A); *see also* Declaration of Nicholas Hooks ¶ 5. Nevertheless, if NaturChem's consent to removal is deemed required, NaturChem consents to this removal. *See* Declaration of Nicholas Hooks ¶ 5.

14.     The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Circuit Court for the County of Charlotte, Virginia and will be promptly served on Plaintiff.

15.     Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in future proceedings.

16.     If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## Conclusion

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

Dated: March 30, 2022                    Respectfully submitted,


By: */s/ Tamara Barago*
Tamara Barago (Virginia Bar No. 80361)
HOLLINGSWORTHLLP
1350 I Street, N.W.
Washington, DC 20005
Telephone: (202) 898-5800
Fax: (202) 682-1639
tbarago@hollingsworthllp.com

***Counsel for Defendant Monsanto Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of March, 2022, the foregoing Notice of Removal

was sent by first class mail to the following:


        Daniel J. Farnsworth, Jr.
        PETTUS / FARNSWORTH, LLC
        201 King Street
        Keysville, Virginia 23947

        Counsel for Plaintiff


                */s/ Tamara Barago*
                Tamara Barago